UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRUCE BYTWERK,

        Plaintiff,

                                      File No.  1:12-CV-876

v.

                                      HON. ROBERT HOLMES BELL

MARY JANE ELLIOTT, P.C.,

        Defendant.
_____/

## OPINION

This matter is before the Court on Defendant's motion for summary judgment. (Dkt. No. 5.)  For the reasons that follow, Defendant's motion will be granted.

### I.

Plaintiff Bruce Bytwerk filed this action against Defendant Mary Jane Elliott, PC, seeking relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.[1]

Defendant is a law office.  On January 23, 2012, Defendant sent Plaintiff a debt collection letter.  The debt collection letter was on the letterhead of Mary Jane M. Elliott P.C., Attorneys & Counselors.  The letter included the name of the creditor, the name of the

---

[1] Although Plaintiff's complaint also references a violation of the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 et seq., Plaintiff has explained that he did not intend to raise a claim under the MOC, and that the reference to the MOC was left in the complaint by accident. (Dkt. No. 6, Pl.'s Resp., PageID #60.)

original vendor, the account number, and the amount due.  The letter also provided:

> **This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.**
> Please contact this office if you wish to pay this debt or set up payment arrangements to avoid any legal action being taken.

(Dkt. No. 1, Compl., Ex. 1.)

Plaintiff alleges that Defendant's debt collection letter was false, deceptive, and misleading in violation of 15 U.S.C. 1692e(10) because it was unclear whether the letter was from an attorney or a debt collector.  (Compl. ¶¶ 15, 17.)  Plaintiff alleges that the debt collection letter also violated 15 U.S.C. § 1692e(5) because it threatened legal action, but eight months after the letter was sent, no legal action had been taken.  (Compl. ¶ 16.)

**II.**

Defendant's motion is filed pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.  Because the parties have presented matters outside the pleadings that the Court intends to consider, the motion will be treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If Defendant carries its burden of showing there is

2

an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)).

The FDCPA provides generally that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and then lists specific conduct that violates this general provision, including:

>(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
>. . .
>
>(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

The provisions of § 1692e "sweep with 'extraordinar[y]' breadth[.]" *Miller*, 561 F.3d at 592 (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992)). The FDCPA calls for strict liability, which means that "a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Id.* (quoting *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007)). In determining whether a statement qualifies as misleading, the Sixth Circuit employs an objective, "least-sophisticated-consumer" test. *Id.* (quoting *Kistner v. Law Offices of Michael P. Margelefsky LLC*, 518 F.3d 433, 438-39 (6th Cir. 2008)). "The least-sophisticated-consumer test is objective and is designed 'to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Kistner*, 518 F.3d at 438 (quoting *Fed. Home Loan Mortg. Corp.*, 503 F.3d at 509). "Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39 (quoting *Fed. Home Loan Mortg. Corp.*, 503 F.3d at 509-10). A collection notice can be deceptive if it is "open to more than one reasonable interpretation,

at least one of which is inaccurate." *Id*. at 441 (quoting *Clomon v. Jackson*, 988 F.3d 1314, 1319 (2d Cir. 1993)).

## A. ATTORNEY VS. DEBT COLLECTOR

Plaintiff contends that the debt collection letter violated § 1692e(10) because it was sent on the letterhead of an attorney, but represented that "this communication is from a debt collector." Plaintiff contends that because the letter simultaneously referenced the sender as a debt collector and as a law firm, it created confusion as to whether the sender was a debt collector or a law firm. Plaintiff's argument assumes that the roles of law firm and debt collector are mutually exclusive. The cases Plaintiff relies on do not stand for such a broad proposition.

In *Kistner*, the court held that there was a question of fact as to whether the debt collection letter's reference to the law firm was false, deceptive, or misleading. 518 F.3d at 441. The attorney whose name appeared on the collection letter admitted that "he did not review Kistner's file, did not determine whether particular letters should be sent, and did not know the identities of the persons to whom the letters were sent." 518 F.3d at 440. Because the attorney had specifically admitted that he had no direct role in sending the letter, the court held that "a jury should determine whether the letter is deceptive and misleading – specifically, whether the letter gives the impression that it is from an attorney even though it is not." *Id.* at 441.

In *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011), the

5

collection letters were on a law firm's letterhead, but contained a disclaimer that "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.* at 995. Despite the disclaimer, the court held that debt-collection letters received from the law firm were deceptive under the FDCPA. "In our view, the least sophisticated debtor, upon receiving these letters, may reasonably believe that an attorney has reviewed his file and has determined that he is a candidate for legal action." *Id.* at 1003.

In both *Kistner* and in *Lesher*, the collection letters on law firm letterhead were deemed deceptive because they gave the impression that they were from law firms, yet no attorneys had in fact been involved in sending out the letters. Neither of these cases stand for the proposition that a law firm cannot be a debt collector, or that a debt collection letter's dual reference to being from a law firm and from a debt collector violates the FDCPA. In fact, the *Lesher* court explicitly rejected the idea that the statement that the letter was "from a debt collector" nullified the implication that the letter was from an attorney because, in the court's view, "the categories of 'debt collector' and 'attorney' are not mutually exclusive." 650 F.3d at 998. *See also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (noting that Congress intended that lawyers be subject to the Act whenever they meet the general "debt collector" definition).

Although it is a violation of the FDCPA to mislead a debtor regarding attorney involvement in the debt collection process, "it does not follow that attorneys may participate in this process only by providing actual legal services. In fact, attorneys can participate in

debt collection in any number of ways, without contravening the FDCPA, so long as their status as attorneys is not misleading." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005). *See also Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996) (holding that an attorney sending a collection letter must be directly and personally involved in the mailing of the letters in order to comply with the strictures of the FDCPA).

In this case, even if Plaintiff had the impression that the collection letter was a communication from an attorney, this impression was not false. Defendant is a law firm. Defendant has produced evidence that the creditor, Midland Funding LLC authorized it "to take legal action, up to and including, filing a civil suit on Plaintiff's outstanding debt." (Dkt. No. 5, Ex. 2, Manion Aff. ¶ 2.) Defendant has also produced evidence that its attorneys were directly and personally involved in the mailing of the debt collection letter: "It is the standard practice and procedure of Mary Jane M. Elliott, P.C. for an attorney from our office to personally review every debt that is placed in our office prior to sending a collection letter to the consumer." (Dkt. No. 7, Ex. 3, Elliott Aff. ¶ 2.) "Attorneys from our office drafted and oversee the process in which collection letters are sent to consumers, including the letters referenced by Plaintiff in his response." (Elliott Aff. ¶ 3.) Plaintiff has not produced any evidence that Defendant's representation of itself as both a debt collector and a law firm was false, deceptive, or misleading.

### B. INTENT TO TAKE LEGAL ACTION

Plaintiff contends that the debt collection letter violated § 1692e(5) because no legal

action has been taken despite the lapse of over eight months.

It is a violation of the FDCPA to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Defendant has presented evidence that Midland Funding had authorized it "to take legal action, up to and including, filing a civil suit on Plaintiff's outstanding debt." (Manion Aff. ¶ 2.) Defendant has also asserted that Plaintiff's last payment on his debt to Midland Funding was on October 10, 2008, and that, pursuant to Mich. Comp. Laws §§ 600.5807 and 600.5831, Defendant has until October 10, 2014, to file suit. (*Id.* at ¶ 3.)

In response to Defendant's motion, Plaintiff has not suggested that Defendant could not legally take action against Plaintiff regarding the debt. Plaintiff has not presented evidence that the statute of limitations had run, or that the debt was otherwise uncollectible. Although Plaintiff contends that Defendant never intended to file suit, the mere fact that Defendant did not take legal within eight months of the collection letter, in and of itself, is not sufficient to create an issue of fact for trial regarding Defendant's intent to file suit.

Plaintiff has not shown that the correspondence attached to his complaint contains any misleading or threatening statements. Accordingly, Defendant is entitled to summary judgment on Plaintiff's FDCPA claims.

**IV.**

In his response brief Plaintiff has requested leave to amend his complaint to "tidy up some grammar and typos," to remove reference to the MCO, to include an allegation that the

8

debt collection letter violated § 1692e(3), and to add a count under § 1692e(11) regarding Defendant's second letter.

Plaintiff's request for leave to file an amended complaint is not properly before this Court. A request for a court order must be made by motion, Fed. R. Civ. P. 7(b), and Plaintiff has not filed a motion. Furthermore, because filing an amended complaint requires leave of court, Plaintiff was required to attach a copy of his proposed amended complaint as an exhibit to his motion seeking leave to file, W.D. Mich. LCivR 5.7(f), and Plaintiff has not done so.

Even if Plaintiff had properly filed a motion for leave to amend his complaint, the Court would deny it as futile. Leave to amend should be freely given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied where amendment would be futile. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's request to add a violation of § 1692e(3) is futile. Section 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). The representation that the debt collection letter was sent by an attorney was not false.

Plaintiff's request to add a violation of § 1692e(11) with respect to the second letter

from Mary Jane Elliott is also futile. Section 1692e(11) prohibits "the failure to disclose in subsequent communications that the communication is from a debt collector[.]" 15 U.S.C. § 1692e(11). Defendant's February 27, 2012, letter, sent in response to Plaintiff's request for validation of the debt, specifically states: "THIS OFFICE HAS BEEN RETAINED AS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Dkt. No. 6, Pl.'s Resp., Ex. 5.) Plaintiff contends that this language is misleading because debt collectors are not retained, attorneys are. Plaintiff's contention lacks merit. As noted above, the evidence is unrebutted that the law firm of Mary Jane Elliott was retained to collect the debt on behalf of Midland Funding. Plaintiff has not stated a valid claim that Defendant's second letter is false, deceptive, or misleading, or that it violates the specific language of § 1692e(11).

Plaintiff's proposal to amend its complaint by adding alleged violations of § 1692e(3) & (11) would not withstand a Rule 12(b)(6) motion to dismiss because the proposed amendments do not state claims on which relief can be granted. Plaintiff's request to amend his complaint will be denied both because it is not properly presented and because amendment would be futile.

An order and judgment consistent with this opinion will be entered.


Dated: <u>January 14, 2013</u>   /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE